# McCrady Bros. Co. v. Pittsburgh & Lake Erie Railroad Co., Appellant.

*Railroads—Rates—Freight rates—Carriers—Public Service Commission.*

Where on an appeal from an order of the Public Service Commission fixing a freight rate, the Superior Court finds upon the record that the order appealed from is unreasonable, or based upon incompetent evidence materially affecting the order of the commission, or otherwise not in conformity with the law, it may reverse the order of the commission.

The fact that a rate is prohibitive does not make it per se unlawful. There are many elements which may enter into the fixing of a rate, such as the factor of distance, ton-mile revenue, car-mile

revenue, earnings per car, and a comparison of the rates on other commodities of equal, or higher value, the volume of movement, the value of the service to the shipper or consignee, and the cost of service. When all, or some of these matters, and possibly others, are taken into consideration it does not follow that they will always result in the fixing of rates that will make it profitable for every shipper to use the means of transportation. His need may be a factor to be considered, but it is not a determining one. The fact that traffic does not move is not conclusive that the rates are not reasonable.

It is not proper for the Public Service Commission to fix a rate for a route of a mileage of thirteen miles upon a basis of what the rate should be upon a route of seven and six-tenths miles, when it does not appear that the shorter route is available, or that the carrier whose road comprises part of the shorter route is a party to the proceedings.

Argued Dec. 13, 1916.   Appeal, No. 336, Oct. T., 1916, by defendant, from order of the Public Service Commission, in case of McCrady Brothers Company v. Pittsburgh & Lake Erie Railroad Co. and Pennsylvania Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Complaint against an alleged excessive rate.

The complaint before the Public Service Commission set forth that the complainant is a Pennsylvania corporation engaged in the sale and shipment of building sand and that the defendants are common carriers; that complainant owns and operates a sand hoist at Braddock, Pennsylvania, on the line of the Pittsburgh & Lake Erie Railroad from which point it ships building sand in large quantities; that complainant also maintains a retail distributing yard for sand at Wilkinsburg, Pennsylvania, on the line of the Pennsylvania Railroad, and that the freight rate of 42 cents per net ton on carload shipments of sand from Braddock to Wilkinsburg, is unreasonable in and of itself and is higher than the rate from other shipping points in the vicinity of Braddock to the prejudice and disadvantage of the complainant.

The complaint further alleged that respondents had

failed to provide reasonable through rates on sand from
Braddock on the Pittsburgh & Lake Erie Railroad to cer-
tain other destinations on the Pennsylvania Railroad,
viz, Wilmerding, East Pittsburgh, Jeannette, Greens-
burg, and Indiana.

The prayer of the complaint was that the respondents
be required to establish from Braddock to all of the des-
tinations named the same rates as are contemporane-
ously made effective from Thompson and McKeesport,
Pennsylvania.

Separate answers were filed on behalf of the Pennsyl-
vania Railroad Company and the Pittsburgh & Lake
Erie Railroad Company, both of which admitted that
respondents were common carriers but denied that the
charges for the transportation of sand referred to in the
complaint were unreasonable or unlawful in any respect.

The court made an order reducing the rate from Brad-
dock to Wilkinsburg to thirty cents.

*Error assigned* was the order of the court.

*Frederic L. Ballard* and *George Stuart Patterson*, for
the Pennsylvania Railroad Company, with them *John M.
Sternhagen, John G. Frazer* and *Reed, Smith, Shaw &
Beal,* for the Pittsburgh & Lake Erie Railroad Company.
—An order of the public service commission requiring
the establishment of reduced rates must be based on suf-
ficient and competent evidence, and must not be ma-
terially affected by incompetent evidence.   Otherwise it
is unreasonable and unlawful: Interstate Commerce
Commission v. L. & N. R. R. Co., 227 U. S. 88; Interstate
Commerce Commission v. Union Pacific R. R. Co., 222
U. S. 541; Florida East Coast Line v. United States, 234
U. S. 185; Louisville & Nashville R. R. Co. v. Finn, 235
U. S. 601; Interstate Commerce Commission v. L. & N.
R. R. Co., 227 U. S. 88; Southern Pacific R. R. Co. v.
I. C. C., 219 U. S. 433; Interstate Commerce Commis-
sion v. Illinois Central R. R. Co., 215 U. S. 452.

The determination and order appealed from is unreasonable and not in conformity with law for the following reasons:

(1) The determination and order appealed from is materially affected by incompetent evidence.

(2) The determination and order appealed from is unsupported by substantial, competent evidence.

(3) The determination and order appealed from is indisputably contrary to the evidence.

(4) The determination and order appealed from is not based on the evidence: Railroad Commissioners of Kansas v. A., T. & S. F. Ry. Co., 22 I. C. C. 407; Union Pacific R. R. Co. v. Goodridge, 149 U. S. 680; Louisville & Nashville R. R. Co. v. United States, 238 U. S. 1.

In a proceeding before the commission, if it should appear that different rates apply from two or three points of origin to the same destination, and that distance, operating conditions, and all other matters affecting rates are substantially the same, such a showing might warrant a finding of undue discrimination, the removal of which might properly be required by the commission. But there would be no justification for a finding that the higher of the rates compared was unreasonable, and under all of the authorities the order of the commission in such a case should leave the carriers free to remove the discrimination by advancing the lower rate, if they should prefer so to do: Texas & Pacific Ry. Co. v. United States, 205 Fed. 380; Affirmed in Houston & West Texas Ry. Co. v. United States, 234 U. S. 342; Railway Commission of Louisiana v. Arkansas, Etc., Ry., 41 I. C. C. 83; Business Men's League of St. Louis y. Atchison, Etc., Ry. Co., 41 I. C. C. 13; Gottron Bros. Co. v. G. & W. R. R. Co., 28 I. C. C. 38; Chamber of Commerce of Houston, Texas, v. I. & G. N. Ry. Co., 32 I. C. C. 247; Merchants Exchange of St. Louis v. B. & O. R. R. Co., 34 I. C. C. 341; In re Cast Iron Pipe from North Carolina Points, 38 I. C. C. 183.

It is uniformly held by all authorities that one-line

rates cannot be measured by two-line rates and that rates for a two-line haul may properly be higher than rates for a one-line haul of similar length: Loup Creek Colliery Co. v. Virginia Ry. Co., 12 I. C. C. 471; Snyder-Malone-Donahue Co. v. C., B. & Q. R. R. Co., 18 I. C. C. 498; Chamber of Commerce of Milwaukee v. C., R. I. & P. Ry. Co., 15 I. C. C. 460.

*Berne H. Evans,* for the Public Service Commission.— The commodity involved in this case is river sand which is largely used in building and which is obtained by dredging in any of the rivers about Pittsburgh. It is therefore shipped from a number of hoists, and one of the principal markets is the rapidly expanding section along the main line of the Pennsylvania Railroad east of East Liberty. Sand is a low grade commodity, which loads heavily and is not liable to loss. Its value is comparatively little and all these considerations call for a low rate of transportation: Railroad Commission of Kansas v. A., T. & S. F. Ry. Co., 22 I. C. C. 407; Rates on Plaster and Gypsum Rock, 27 I. C. C. 67.

The Public Service Commission is an expert body which performs functions in the interests of the general public in the same manner as the Interstate Commerce Commission and it is authorized to avail itself of information in the same manner as that commission: Joynes v. Pennsylvania R. R., 17 I. C. C. 361.

OPINION BY TREXLER, J., March 16, 1917:

The Public Service Commission fixed the following rates per net ton on sand and gravel from Braddock (P. & L. E. R. R.) to Wilkinsburg, Pa., 30 cents, Wilmerding, Pa., 37 cents, East Pittsburgh, Pa., 37 cents, Jeannette, Pa., 53 cents, Greensburg, Pa., 53 cents, Indiana, Pa., 62 cents, which rates it found and determined to be just and reasonable and remunerative to the carriers. The carriers complained against having appealed from the decision of the Public Service Commission, it remains for

us to determine whether or not the above rates are reasonable and in conformity to law. In considering the questions involved we are confined to the record as presented to us. The Public Service Commission Act of July 26, 1913, P. L. 1374, Art. V, Sec. 3, provides that the commission shall determine all matters presented to them after hearing and (Art. VI, Sec. 18) that a record shall be made of the testimony taken therein and findings if any based upon such testimony. Upon appeal this court is charged with the duty of inquiring, whether upon the record, the order is reasonable and in conformity with law (Sec. 22), the order of the commission being prima facie evidence of its reasonableness and the burden being upon the appellant of proving the contrary and the notes of testimony are to be considered as the testimony in the case (Sec. 23). If the Superior Court upon the record find that the order appealed from is unreasonable or based upon incompetent evidence materially affecting the determination or order of the commission, or otherwise not in conformity to law it may reverse the order of the commission (Sec. 24).

The rate between Braddock and Wilkinsburg complained of was 42 cents. This was a joint rate for the Philadelphia & Lake Erie and the Pennsylvania Railroads. The commission reduced this to 30 cents. The complainant had a sand hoist at Braddock and a retail yard at Wilkinsburg, and alleged that the defendants charged higher rates to Wilkinsburg and certain other points than they did from other shipping points in the vicinity of Braddock to the same destination to the prejudice of the complainant and that the rates in themselves were unreasonable. If we turn to the report of the commission we find that its order fixing the rates is based upon the following premises. (a) The rates attacked are so high as to be prohibitive. (b) Being prohibitive they are therefore unlawful and unreasonable. (c) Being unreasonable there must be some lower rates established to take their place.

It has been said that the question of the reasonableness
of rates is always a perplexing one.  A great variety of
considerations are necessarily involved in each instance.
In coming to the conclusion that the existing rates were
prohibitive the commission used the following language:
"The carriers have established a commodity rate, and
this may be considered as some evidence of the fact that
there is traffic to be moved between the points covered by
such rate; if the rate is fixed so high as to be prohibitive,
then it defeats its own ends and we may properly con-
clude it to be unjust and unreasonable."  We cannot ac-
cede to the proposition that the fact that a rate is pro-
hibitive makes it per se unlawful.  There are many ele-
ments which may enter into the fixing of a rate, such as
the factor of distance, ton-mile revenue, car-mile revenue,
earnings per car and a comparison of the rates on other
commodities of equal or higher value, the volume of
movement, the value of the service to the shipper or con-
signee and the cost of service.  See Art. III, Sec. 1 (b).
When all or some of these matters and possibly others
which are not mentioned are taken into consideration
it does not follow that they will always result in the
fixing of rates that will make it profitable for every
shipper to use the means of transportation.  His need
may be a factor to be considered but it is not a deter-
mining one.  The fact that traffic does not move is not
conclusive that the rates are not reasonable.  If we
look at the testimony we find nothing that shows that
the rates from Braddock to points mentioned are per se
prohibitive but that plaintiff claims that they are too
high in comparison to the rates applicable to other pro-
ducers from other points.  This may be evidence that
the rates need adjustment but is not proof that the rates
are in themselves too high for the other rates may be too
low.  The question thus resolves itself not into the un-
reasonableness of the rates per se but considered as a
competitive rate.  The commission did not find that the
rate was unreasonable, as giving an undue preference.

But assuming that the rates are fixed by comparison with other rates although the commission does not arrive at its conclusion by this method we find a more serious error in the fact that the commission fixed the rates upon the shorter route between Braddock and Wilkinsburg and other points named. There is no doubt in fixing a rate, ordinarily it is the shortest route between the points that must primarily be considered to control the rate. The facts in this case show that the present route used by the respondents is from Braddock via the P. McKee & Y Transfer, the Penna. R. R. to Thompson and thence via East Pittsburgh to Wilkinsburg the point of destination, a total of 17 miles including constructive bridge mileage or 13 miles by the ordinary computation. The commission adopted the rates suggested by the complainants and these rates are premised upon a route going from Braddock to Wilkinsburg via Bessemer over the Union Railroad. The Union Railroad Co. is not a defendant in this case. If it were desired to show that the shorter route was a feasible route and that the rate was to be fixed in relation to it, the Union R. R. Co. should have been made a party to the proceedings or at least at some place in the proceedings notice should have been served upon it so that it might be heard upon any or all the subjects which are pertinent to an inquiry of this kind. There is nothing to show that the Union R. R. Co. is compelled to grant facilities for the conveyance of sand from Braddock to Wilkinsburg at the rates set by the commission or that such facilities exist. The rates fixed apply only to the roads who were parties to the proceeding. It is not right that the commission should fix a rate for a route of a mileage of 13 miles upon a basis of what the rate should be upon a route of 7.6 miles when it does not appear that the shorter route is available, or that the carrier whose road comprises part of the shorter route is a party to the proceedings.

The order of the commission is reversed.