Shearer, Appellant, *v.* Public Service Commission.

Argued April 16, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*S. W. Bierer,* and with him *Albert H. Bell,* for appellant.

*John Fox Weiss,* Counsel, and with him *E. Everett Mather, Jr.,* Assistant Counsel, and *Daniel H. Kunkel,* Legal Assistant, for the Public Service Commission.

OPINION BY LINN, J., July 10, 1930:

The appellant applied to the commission for a certificate of public convenience (Article 3, section 2, b, 1913 P. L. 1388) to permit him to conduct motor bus transportation of passengers between Arlington, a point in the Borough of Jeannette, Westmoreland County, and the Borough of East Pittsburgh in Allegheny County and intervening points. Protests were filed by the Pennsylvania Railroad Company, operating a passenger railway between the termini; by the West Penn Railways Company operating an electric street railway between Jeannette and Trafford, an intermediate point; the Pittsburgh Railways Company, operating an electric street railway between East Pittsburgh and Trafford also objected during the hearings. The petition was refused and the applicant appealed.

The towns or points through which the appellant proposed to conduct the service with the distances from each to the next one are stated on a map in the record as follows:

| *Town* | *Distance* |
|---|---|
| P. R. R. Sta. Jeannette | |
| Ist. & Harrison Ave. | 0.64 |
| Elliot Works | 0.4 |
| Harrison City | 2.7 |
| Pleasant-Valley Rd. | 1.8 |
| "            " | 1.2 |
| Levelgreen | 3.6 |
| Blackburn | 1.0 |
| Trafford | 1.0 |

Pitcairn ............................... 1.8
Wilmerding ............................. 1.6
Turtle Creek ........................... 1.1
East Pittsburgh ........................ 1.0

While the Pennsylvania Railroad operates between East Pittsburgh and Jeannette its line for about two-thirds of the distance, is from 1 to 4 miles from the proposed route of the appellant. The service of the West Penn Railways Company, which covers about one-third of the distance between the termini, is substantially along the applicant's route. At the Jeannette end of the proposed route, there is now a bus service operating as far west as the village of Harrison City; from Harrison City to the Pennsylvania Railroad, on one side, and Claridge on the other, another bus line operates. The record shows that between Harrison City and East Pittsburgh (about three-fourths of applicant's route) bus service had been in operation and was abandoned. Very shortly before this application was heard by the commission, a similar application made by another was heard and refused. Jeannette is in an industrial community, but the territory between Jeannette and East Pittsburgh, is described in the evidence as a "farming" community. When the applicant was on the witness stand he said that if the certificate were granted he would agree not to interfere with the bus transportation now conducted by McGill between Claridge through Harrison City to Manor on the Pennsylvania Railroad, and with Bonazza's bus line from Claridge to Harrison City and then east to Jeannette, intending as we understand it, that he proposes to carry only through passengers and not such as might be considered local to either of these bus lines. One of the witnesses called by the applicant has for twelve years been burgess of the Borough of Jeannette; in reply to a question on the subject, he testified that the Pennsylvania Railroad "would be giving adequate service

to people in Jeannette. There is a question whether they could give them any service from Harrison City to Trafford City. They didn't have any there." We assume that the witness referred to the fact that between those points the Pennsylvania Railroad was from 1 to 4 miles from the proposed bus route on which Harrison is. The evidence would indicate that the section between Harrison City and Trafford, a distance of perhaps eight miles, is somewhat inconvenienced without bus service of some kind. The applicant was asked whether he would accept a certificate permitting him to operate between Harrison City and Trafford and he said he would not accept it. He was also asked regarding the adequacy of the Pennsylvania Railroad service for the needs of the community and said that the service was not adequate between Arlington in Jeannette and Trafford. We infer of course that as the community between Trafford and East Pittsburgh was served not only by the Pennsylvania Railroad but also by the East Pittsburgh Railways Company, that that service was adequate because there is no suggestion otherwise on behalf of the applicant; other witnesses called on the behalf of the protestants gave evidence to sustain the conclusion of the commission that the present service between the termini was adequate.

There is no complaint that incompetent evidence was received, or that any error was committed by the commission other than the general refusal of the certificate. It is obvious that the complaint relates wholly to the decision by the commission of an administrative question. There is ample evidence to support the conclusion of the commission that the community is adequately served between East Pittsburgh and Jeannette, subject perhaps to what was said concerning the district between Trafford and Harrison,— points between which appellant stated that he would not accept a certificate.

Where there is evidence to support the conclusion of the commission in disposing of an administrative question, this court may not substitute its judgment for that of the commission: Collins et al. v. Pub. Serv. Com., 84 Pa. Superior Ct. 58; Pottsville Union Traction Co. v. Pub. Serv. Com., 67 Pa. Superior Ct. 301.

Order affirmed and appeal dismissed.