# Borough of Franklin, Appellant, *v.* The Public Service Commission.

*Public Service Commission—Jurisdiction—Appeals—Insufficient record.*

An order of the Public Service Commission will be reversed when the record is not sufficient to sustain the order.

Where the Public Service Commission made an order concerning a bridge between two boroughs, and the jurisdiction of the commission is questioned in the appeal, the order will be reversed and the case returned to the commission with instructions to proceed according to law, where the record before the appellate court is incomplete and cannot furnish a basis for the final disposition of the case.

Argued November 19, 1919. Appeal, No. 51, April T., 1920, by Borough of Franklin, from order of the Public Service Commission in the case of Borough of Franklin v. The Public Service Commission, on appeal, and the Borough of East Conemaugh. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Complaint before the Public Service Commission by Borough of East Conemaugh against Borough of Franklin et al., to compel respondent to secure a certificate of public convenience from the Public Service Commission for the erection of a bridge.

The opinion of the Superior Court states the case.

The commission made the following order:

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania upon a complaint alleging that the bridge carrying State Highway Route No. 52 over and across the tracks and rights-of-way of the Cambria Steel Company and the Pennsylvania Railroad Company, and situate partly in the Borough of Franklin and partly in the Borough of East

Conemaugh, Cambria County, is in a dangerous condition and that a new bridge should be constructed, and answers on file having been duly heard and submitted by the parties and full investigation of the matters and things involved having been had:

Now, to wit, August 12, 1919, it is ordered:

That the Borough of Franklin

1. Immediately remove the truss span on the Franklin Borough end of the said bridge.

2. Construct a temporary bridge in Franklin Borough, generally parallel to and distant about 160 feet northeasterly from the present bridge. Said bridge to begin at the alley leading from Main street and to extend across the tracks of the Cambria Steel Company to the southerly side of the Conemaugh river, thence southwesterly along the Conemaugh river to connect with the present bridge on the southerly side of the concrete pier located on the southerly bank of the Conemaugh river, said temporary bridge to have an 18-foot roadway, a 61-foot 6-inch sidewalk on the easterly side thereof and to be properly lighted. This work to be started at once and completed as quickly as possible.

That the Borough of East Conemaugh

1. Place an additional timber bent under the fourth span from the East Conemaugh end of the viaduct.

2. Properly brace the three sidewalk brackets in the third and fourth spans from the East Conemaugh Borough end of the viaduct with timber supports.

That the Boroughs of Franklin and East Conemaugh

1. Station a watchman with police powers at each end of the viaduct during all hours of the day and night to see that the condition of the following paragraph is carried out.

And it is further ordered:

That upon completion of the above work traffic be resumed over and upon the viaduct under the condition that speed of vehicles shall not exceed six miles per hour.

*Error assigned,* was the order of the commission.

*Philip N. Shettig,* and with him *P. J. Little,* for appellant.

*Douglass D. Storey,* and with him *Ralph J. Baker, A. Lloyd Adams* and *Alvin Sherbine,* for appellee.

OPINION BY LINN, J., December 2, 1919:

The petitioner is the Borough of East Conemaugh, appellee; the respondents are the Borough of Franklin, appellant, and the Cambria Steel Company and the Pennsylvania Railroad Company.

The petition averred, inter alia, that under proceedings in the Quarter Sessions of Cambria County in 1891, a bridge was erected over the Conemaugh river "being the line between the Borough of Franklin and the Borough of East Conemaugh" and was subsequently maintained at the joint expense of the boroughs, the County of Cambria and the Pennsylvania Railroad Company; that the bridge is part of a State highway, Route No. 52, leading from Johnstown to Ebensburg, the county seat, and is built over the tracks of the main line of the Pennsylvania Railroad Company and the tracks of the Conemaugh freight yards of that company, as well as the plant railroad tracks of the Cambria Steel Company.

It was alleged that the bridge required repair and renewal and that the Borough of Franklin had closed the bridge to public travel and was repairing or renewing the part of the bridge in Franklin without the approval of the commission. Irreparable injury to petitioner and its inhabitants was alleged and the commission was asked to order the Borough of Franklin to desist from so interfering with traffic over the bridge, and for such other relief as the commission should deem proper.

The Borough of Franklin answered, denying the jurisdiction of the commission and averring that the part of the bridge in Franklin "does not cross over the tracks of

any public service company, and so far as Franklin Borough is concerned it has no dealings with any public service company." It further stated "......the Borough of Franklin admits that great hardship is occasioned the inhabitants of the Borough of East Conemaugh and Franklin by reason of the closing of said bridge."

In view of the conclusion reached by the court, it is unnecessary now to state other averments of the petition and answer.

At the hearing of the complaint by the commission, no testimony was taken; the stenographic report of the hearing certified to this court contains statements of their respective contentions made by counsel for complaint and respondents.

Counsel for the Borough of Franklin stated, inter alia, "We insist that so far as we are concerned the Public Service Commission is without jurisdiction. We take the position that there are no jurisdictional matters that bring it before the Public Service Commission. I want to say here and now and I pledge the Borough of Franklin to build that bridge in accordance with any plans that you may approve. What more can we do?"

Thereupon, a recess was ordered by the learned chairman of the commission to enable the parties to confer. On resuming the meeting the chairman said: "The parties have come to a temporary and tentative agreement by which the public may be accommodated pending the decision of the larger matter involved, and I will ask counsel to state upon the record the conclusions reached." Counsel for the boroughs then reported that the parties had agreed to do certain things which were stated somewhat generally. The record closes with some apparently slight qualification by the commission of what counsel stated, ending as follows: "Let it be noted that counsel for the Borough of Franklin and counsel for the Borough of East Conemaugh agree to all of the foregoing, reserving to counsel for the Borough of

Franklin the right to raise the question of the jurisdiction of the commission at any time."

The commission then made the order now appealed from, and to support the appeal appellant now asserts,

(a) that the commission is without jurisdiction, and,

(b) that the order is not in accordance with the agreement.

The petition undoubtedly states a case within the jurisdiction of the commission, Public Service Company Law: Art. V, Sec. 12, Act of July 26, 1913, P. L. 1374, as amended by Act of June 17, 1917, P. L. 1025, but the essential averments remain to be proved. As has been stated, the agreement of counsel was not specific, nor was the acquiescence by the commission less general. The parties doubtless all acted in good faith but they made a record for review by this court which obviously cannot be the basis of final disposition of the cause.

The statute imposes upon us a duty; is the order reasonable and in conformity with law? The record must sustain the order, and the record at bar is insufficient, as has been suggested.

In view of the importance of this bridge to the community involved, we have concluded to dispose of this appeal at the first opportunity by the following

### ORDER:

The order of the commission is reversed and the record returned to the commission with instructions to proceed with the cause according to law unless the complaint be sooner satisfied.