Nevin Bus Lines, Inc., Appellant, *v.* Public Service Commission.

Argued May 1, 1930.

Before TREXLER, P. J., KELLER,

Linn, Gawthrop, Cunningham and Baldrige, JJ. Remanded for further hearing.

*Ira Jewell Williams,* and with him *Harold S. Sheetz* and *Francis Shunk Brown,* for appellant.

*H. Z. Maxwell,* and with him *Frank M. Hunter* of *Hannum, Hunter, Hannum & Hodge,* for intervening appellee.

*John Fox Weiss,* Counsel, and with him *E. Everett Mather, Jr.,* Assistant Counsel, and *Daniel H. Kunkel,* Legal Assistant, for the Public Service Commission.

Opinion by Linn, J., September 29, 1930:

The Pennsylvania R. R. Co. filed a complaint with the commission alleging that appellant, Nevin Bus Lines, Inc., was conducting an intrastate passenger transportation business without a certificate of public convenience as required by Art. III, sec. 2 (b), and Art. V, sec. 18, of the Public Service Company Law, (1913 P. L. 1388, and 1414). After an answer was filed, the commission heard the parties and made an order sustaining the complaint, and directing that respondent "forthwith cease and desist from operating a motor vehicle, or motor vehicles, as a common carrier of passengers between Philadelphia and Pittsburgh, or any other points in the Commonwealth of Pennsylvania, over routes in whole or in part within said Commonwealth, unless and until a certificate of public con-

venience shall have been obtained therefor in accordance with the Public Service Company Law."

Nevin Bus Lines, Inc., has appealed. The record below consisted of (1) the petition, (2) the answer and (3) a paper entitled "Stipulation as to Facts," signed by counsel for complainant and respondent respectively. At the argument in this court, there was filed a map of Pennsylvania and Maryland showing the Lincoln Highway, and other roads on which appellant transacts its business. The order appealed from is based on that record. Excepting the map, there is no evidence in the record unless it can be found in the stipulation. In the light of the inferences sought to be drawn from the stipulation by the parties in their briefs, we are driven to the conclusion, in which we all concur, that the stipulation is insufficient as an agreement of the facts; that it is so contradictory as to establish that the parties have not agreed on essential facts involved, and that the record must be returned to the commission for hearing. Before pointing out in detail this inadequacy, it may be well to state generally what appears to be the basis of the dispute.

Appellant is undoubtedly engaged in interstate commerce, and for such business, does not require a certificate of public convenience. The statute provides that a certificate "shall be given only if and when the said commission shall find or determine that the granting or approval of such application is necessary or proper for the service, accommodation, convenience or safety of the public." Whether interstate service is necessary, proper, or convenient is not a matter to be determined by the state: Buck v. Kuykendall 267 U. S. 307; Bush v. Maloy 267 U. S. 317. No question is raised under any police power sought to be exercised by the state, (compare Morris v. Duby 274 U. S. 135; Hendrick v. Maryland 235 U. S. 610; Interstate Buses

Corp. v. Blodgett 276 U. S. 245; Kane v. N. J. 242 U. S. 160 and Clark v. Poor 274 U. S. 554, 558).

The dispute in the case is whether appellant is also engaged in intrastate transportation of passengers by motor-bus; if it is, a certificate is required under the section of the statute referred to. In considering this phase of the case, we of course lay aside the transportation of passengers whose journey in appellant's buses begins outside of Pennsylvania for transportation to a destination in the state or in some other state, or which begins in the state for a destination in some other state. The dispute seems to be with regard to passengers who begin their journey in Philadelphia for travel westward to a destination in Pennsylvania, or who begin at Pittsburgh for travel eastward to a destination in the state. If these journeys were made wholly on the public roads of Pennsylvania, no one would deny that they were intrastate. The route marked on the map, as that pursued by appellant, occupies the Lincoln Highway between Philadelphia and Gettysburg, (Ardmore, Lancaster and York being points on this route). At Gettysburg, the route leaves the Lincoln Highway and passes southward to Emmitsburg in Maryland, a point said to be a few miles south of the Mason-Dixon line; from Emmitsburg the route returns northwestward into Pennsylvania, passing through Waynesboro, again reaching the Lincoln Highway at McConnellsburg, and continuing on it to Pittsburgh; (Greencastle, Mercersburg, Bedford and Wilkinsburg being points between Pittsburgh and the Maryland boundary).

From the stipulation, the commission concluded, (and in this court its counsel, as well as counsel for the intervening appellee, insist that it concluded correctly) that appellant was engaged in intrastate commerce in carrying passengers:

(1) between Pittsburgh and Philadelphia as points

374

of origin and destination respectively, although taken into Maryland over the route designated and

(2) between Philadelphia and Gettysburg;—Gettysburg and Ardmore;—Lancaster and Philadelphia;—Lancaster and Gettysburg;—York and Philadelphia;—Greencastle and Pittsburgh;—Mercersburg and Pittsburg;—Bedford and Wilkinsburg;—trips made without leaving the state. The information, of which the foregoing is part, is said in the stipulation to have been collected by persons who made eight one-way trips between Philadelphia and Pittsburgh. But appellant contends that no inference supporting the order appealed from can be made from this information because of its fifth paragraph in the stipulation, to wit: "5. No tickets are sold to passengers carried between Philadelphia and the Pennsylvania state line at the point on the route to Emmitsburg, Maryland, and in like manner, no tickets are sold to passengers carried after leaving Emmitsburg, Maryland, from the state line to Pittsburgh." Here, then is direct contradiction of the intrastate transportation between the points stated in class 2 above.

Now, while the "Stipulation as to Facts" begins by an agreement "that the following statement may be accepted as giving the full facts relative to the controversy . . . . . . and that said facts are to be accepted as though witnesses thereto had been called, sworn, examined and testified thereon, and that upon such set of facts the decision . . . . . . is sought . . . . . . ;" it continues as follows: "The complainant represents that the attached papers contain a summary of the evidence that will be introduced by complainant by means of the following witnesses . . . . . . [names stated];" then follow four paragraphs, containing inter alia the following—"The actual running time in the state of Maryland is approximately seven (7) to ten (10) minutes, and the actual mileage is but a very small per-

centage of the total distance between Philadelphia and Pittsburgh—somewhere between five (5) and ten (10) miles out of a total of several hundred miles.

"5. Each of these five witnesses rode the Nevin Bus Lines between Philadelphia and Pittsburgh on the dates specified in the attached summaries of origin and destination of passengers, mingled with the passengers, talked with them concerning their origin and destination and also observed the points at which they got on and off. An original record thereof was kept and is summarized in the attached statements. These attached summaries are statements of origin and destination of passengers riding on the Nevin Bus Lines between Philadelphia, Pennsylvania, and Pittsburgh, Pennsylvania and intermediate points on the dates specified." After what complainant so represents, comes the following—"The respondent, Nevin Bus Lines, Inc., respectfully represents: 3. The Nevin Bus Lines, Inc., sell tickets and route all traffic over its various lines via Emmitsburg, Maryland.

"4. Passengers from New York to Pittsburgh are carried via Philadelphia; in the same buses, after a stop-over at the latter point to Emmitsburg, Maryland, and thence, via Emmitsburg, Maryland, to Pittsburgh. Passengers from New York, Philadelphia or Baltimore and Washington, via Emmitsburg, Maryland, are routed through from Pittsburgh to the West.

"5. No tickets are sold or passengers carried between Philadelphia and the Pennsylvania state line at the point on the route to Emmitsburg, Maryland, and, in like manner, no tickets are sold or passengers carried after leaving Emmitsburg, Maryland, from the state line to Pittsburgh."

When we turn to the briefs to see whether the arguments indicate agreement on these essential elements we find that the parties do not agree about the facts, but appear to treat the stipulation as a statement of

what each side deemed itself prepared to prove. Appellant calls attention "to the positive testimony on behalf of appellant [its fifth paragraph already quoted] to the effect that no tickets are sold or passengers carried between Philadelphia and the Maryland state line", insisting that "this positive testimony is neither denied nor inconsistent with the testimony of the complainant." In dealing with the stipulated statements of what complainant's witnesses would testify, appellant says that "the limit of their testimony is what they observed ...... So far as their testimony is hearsay ...... it must be scrutinized carefully and considered with respect to its probability." On the other hand, the appellees ignore the positive statement that there is no intrastate commerce, [paragraph 5, supra] and insist that the transportation between the points mentioned above in class 2 is intrastate commerce.

The stipulation, as the parties deal with it in argument, is not a stipulation of facts because of its contradictions. A stipulation of facts has been described as "a substitute for evidence, in that it does away with the need of evidence"; a fact stipulated, cannot be contradicted by the party agreeing to it, and a fact learned by hearsay may be accepted as finally as one otherwise ascertained; see generally (Wigmore, Evidence Vol. IV, sec. 2588. In disposing of a case stated, for example, if the appellate court finds that the parties are not in harmony as to essential facts, a procedendo will be awarded: Staten Island R. T. Rwy. Co. v. Hite, 41 Pa. Superior Ct. 527. If "no ...... passengers [are] carried between Philadelphia and the Pennsylvania state line at the point on the route to Emmitsburg, Maryland ...... " as appellant "represents" in the stipulation, what becomes of the statements in it that a number of· such passengers were carried on the trips described. Shall we accept the

assertion or the denial that appellant is so engaged in intrastate commerce?

The same observations, of course, apply to the allegations concerning the intrastate carriage of passengers between Pittsburgh and Waynesboro, west of point where the route returns to Pennsylvania from Maryland.

As to passengers grouped in the first class—those who begin their journey at Philadelphia and end it at Pittsburgh (or reverse) traveling through Emmittsburg, Maryland, other elements must be considered in determining whether such commerce is intrastate; but even if it were interstate, as appellant contends, we should still not be able to dispose of this appeal on the merits for want of facts as to passengers grouped in the second class. As the decision of that question by this court might not be final, we need not now determine whether carrying passengers from one point in Pennsylvania to another, via Emmittsburg, is interstate or intrastate commerce, (Grubb v. P. U. C. of Ohio, 281 U. S. 470; Interstate Buses v. Holyoke Rwy. Co., 273 U. S. 45; Sprout v. South Bend, supra; Hi-Ball Transit Co. v. Com., 27 Fed., 2d, 425; Inter-City Coach Co. v. Atwood, 21 Fed., 2d, 83) leaving that question to be considered in the light of the evidence that may be produced at the rehearing.

The order is reversed and the record is remitted for further hearing.