Vance Transportation Company, Appellants, *v.* Pub. Serv. Com.

Argued May 5, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-ham, Stadtfeld and Parker, JJ.

*William G. Bechman* of *Thompson, Rose, Bechman & Dunn,* for appellants.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *John Fox Weiss,* Counsel, for appellee.

*W. S. T. Hurlock, Jr.,* of *Nauman & Smith,* for The Pennsylvania Railroad Company, intervening appellee.

*Sterling G. McNees,* for Alko Express Lines, intervening appellee.

PER CURIAM, July 14, 1932:

May 13, 1931 Charles U. Vance, William Z. Vance, Pearl E. Vance, Mary Vance and Grace V. Dietzel as incorporators of the Vance Transportation Company, filed with the Public Service Commission their application for approval of the incorporation of said company for the purpose of the transportation of freight, merchandise and other personal property by means of motor vehicles as a common carrier, between such points as might be approved by said commission, and on the same date said corporation filed its petition for the commission's approval of its beginning to exercise such powers by operating motor vehicles as a common carrier of freight and merchandise between Altoona and Pittsburgh, Altoona and Johnstown, Johnstown and Pittsburgh and Altoona and Harrisburg, each of these routes generally following the highways commonly known as the William Penn Highway. The applications were duly proceeded with and hearings held and briefs of counsel submitted to the commission. The Pennsylvania Railroad Company, the Huntingdon Broad Top Mountain Railroad and Coal Company, Railway Express Agency, Inc., and Alko Express Lines appeared and submitted evidence against the approval of the incorporation and operation. Tentative protests by other parties were satisfied by stipulated conditions on the part of the applicants, the present appellants.

The commission denied the application. It found that the petitioners, above named, were already engaged as the Vance Storage and Transportation Company in the transportation business in the same territory in what was claimed to be an operation of private carriage, special contracts being made with each customer.

We quote from the opinion of the commission:

"Under the arrangement as proposed, the incorpo-

rators will control two corporations, one of which would be engaged in transportation under contract for a number of shippers, and the other engaged in transporting single shipments as offered. This arrangement would permit a discrimination in rates and service between shippers. If it were desired to secure business at reduced rates, it would be possible to have a contract made which would be handled by the Vance Transfer and Storage Company. It would not be practical for the commission or other carriers to distinguish between the operation of the two companies, with the result that effective supervision would be difficult." The commission then finds, "Under all the evidence the commission cannot find that the approval of the present application is necessary or proper for the service, accommodation or convenience of the public; therefore;"

This was an administrative question and as there is nothing on the record before us which would warrant this court in holding that in the exercise of its judgment on the facts here presented the commission acted unreasonably or contrary to law, we will not interfere.

We will not review the administrative discretion of the commission further than to see that there is sufficient evidence to support its action. We have so held in a number of cases, among the more recent being: Riverton Consolidated Water Company v. Public Service Commission, 105 Pa. Superior Ct. 6; Shearer v. Public Service Commission, 99 Pa. Superior Ct. 386; Sherman et al. v. Public Service Commission, 90 Pa. Superior Ct. 523; Hook v. Public Service Commission, 87 Pa. Superior Ct. 210; Collins v. Public Service Commission, 84 Pa. Superior Ct. 58, 63, and Ligonier Valley R. R. Company v. Public Service Commission, 83 Pa. Superior Ct. 502.

The order of the Public Service Commission is affirmed.