York Motor Express Co. et al., Appellants, *v.*
Public Service Commission.

170

Argued March 17, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Robert C. Fluhrer,* for appellant.

*W. S. T. Hurlock, Jr.,* of *Nauman, Smith & Hurlock,* for intervening appellant.

*Samuel Graff Miller,* Legal Assistant, and with him *E. Everett Mather, Jr.,* Assistant Counsel, and *John Fox Weiss,* Counsel, for appellee.

OPINION BY PARKER, J., December 16, 1933:

This is an appeal by York Motor Express Company and Motor Freight Express, intervening as party appellant, two common carriers authorized by certificates to operate in the territory involved, from an order of the Public Service Commission directing the issuance of a certificate evidencing the right of Roy Bollinger and Raymond A. Little, copartners trading as Bollinger Motor Express, to operate motor vehicles as a common carrier for the transportation of freight between Hanover, York County, and Philadelphia. The Public Service Commission, after hearing, directed that the certificate issue subject to the conditions that it should terminate on December 1, 1934, unless renewed; that no merchandise should be carried to or from points intermediate between Hanover and Philadelphia; that merchandise be carried only for five named shippers with the use of five motor trucks of specified size and number; and that the applicants should comply with all the provisions of the Public Service Company Law and any rules and regulations prescribed by the commission. The appellants contend that there was not sufficient evidence produced to support the order and that the restricting of the certificate to the transportation of freight for the five named companies was conclusive proof that the applicants were not acting as common carriers, and the order was therefore "anomalous and a legal absurdity."

The first position cannot be sustained. We have frequently pointed out that the commission has jurisdiction to determine what transportation service is necessary and desirable for the convenience, comfort, and safety of the public and that such question is an administrative one that must be left to the sound judgment of the commission, and when that judgment has been exercised and is based upon competent and relevant evidence, the conclusion cannot be disturbed by this court unless it is made clearly to appear that the action is unreasonable and not in conformity with law. This court may not substitute its judgment for that of the commission : Collins v. P. S. C., 84 Pa. Superior Ct. 58; Shearer v. P. S. C., 99 Pa. Superior Ct. 386; Vance Trans. Co. v. P. S. C., 105 Pa. Superior Ct. 228, 231, 161 A. 428; Riverton Cons. Water Co. v. P. S. C., 105 Pa. Superior Ct. 6, 12, 159 A. 177.

At a hearing on the application, the appellants, the Pennsylvania Railroad Company and the Railway Express Company, were represented, furnished testimony in protestation of the granting of the certificate, and cross-examined witnesses. It was clearly established by the applicants as well as by the appellants that there was a reasonable demand for motor truck transportation between Philadelphia and Hanover, leaving for consideration the person or persons to whom such certificates should issue. While orders were made granting certificates to both of the appellants, the applicants had been rendering a call and demand service to the manufacturers referred to, or part of them, for approximately eight years without a certificate contending that they were private and not common carriers. Some question having been raised as to the status of the applicants, they consented to make the application and subject themselves to the control of the commission. The evidence was also clear that the applicants were qualified by experience and financially to furnish adequate service. It was for the commis-

sion to determine whether the public interest would best be served by one or more carriers, and in the exercise of the discretion vested in the commission it has determined that an additional certificate should be given to Bollinger Motor Express. Such a question is peculiarly one for the commission. In the instant case it appeared by the testimony that the five manufacturers named, located at Hanover, required a very considerable service between the two points and that they needed a more flexible service than would be furnished by the appellants or the railroad carriers. It is not our province to interfere with the discretion exercised by the commission.

The remaining complaint is that the commission, by limiting the service to five named manufacturing concerns demonstrated that the service to be rendered was not that of a common carrier. The appellants base their contention upon the principles that the Public Service Commission has jurisdiction over common carriers but not over private carriers (Hoffman v. P. S. C., 99 Pa. Superior Ct. 417, 422; Harder v. P. S. C., 90 Pa. Superior Ct. 373), and that it is the duty of every common carrier to receive for carriage and to carry the goods of any persons tendered to it for transportation, provided the goods are such as it holds itself out as willing to carry (Erb v. P. S. C., 93 Pa. Superior Ct. 421, 428). The applicants in this case have, by the very terms of their application and by accepting the certificate, assumed the duties and responsibilities of a common carrier and at the same time consented to accept certain restrictions in the interest of the public and not because they would not be willing to furnish further service. The duty imposed upon a carrier to serve those within its territory is for the benefit of the customer, and it is not always necessary or proper to require of the carrier that it serve all those who have access to other carriers. It has long been the practice in the granting of certificates

for transportation over public highways to impose limitations and restrictions as to the places to be served even though they be intermediate points. Such orders are always made subject to the power of the commission to guard the interests of the customer when the public interest demands it. It is not an academic, but a practical question to be solved by the commission when someone, who has been injured or will be injured by a failure to serve, makes complaint. Here, the appellants are competing carriers and are not in a position to complain for the restriction is to their advantage and the commission believes that it is in the public interest. The principles involved are not materially different from one arising in constitutional law. It is a firmly established principle of law that the constitutionality of a statute may not be attacked by one whose rights are not affected by the operation of the statute. Just so here, the appellants are not affected adversely by the restriction. The order of the commission is reasonable and in conformity with law.

The appeal is dismissed and the order of the commission is affirmed.