Steward, Appellant, *v.* Public Service
Commission.

Argued October 1, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER, JAMES and RHODES, JJ.

*Richard V. Zug* and *William J. Wilcox*, with them

*Harold S. Shertz,* for appellant and intervening appellants.

*John C. Kelley,* with him *Harry H. Frank, Samuel Graff Miller* and *Richard J. Beamish,* for appellee.

*John B. Gest,* for intervening appellee.

*C. T. Wolfe,* for Reading Company, submitted a brief under Rule 61.

PER CURIAM, November 13, 1935:

The Public Service Commission granted a certificate of public convenience to George A. Keyser, trading as Mutual Forwarding Company, authorizing him to transport goods by truck from points within the city of Philadelphia to railroad stations in said city, for shipment by rail to the cities of Allentown and Bethlehem, and from railroad stations in said cities to consignees in said cities and within fifteen miles of said stations by the usually traveled highways, and vice versa.

Appeals from the order were filed by Fred A. Steward, trading as Modern Transfer Company, and B. R. Blackman, trading as Tri-State Motor Freight, who operate motor trucks between Philadelphia and Allentown and Bethlehem, and by Lehigh Valley Transit Company, which operates an electric railway line between Philadelphia and Allentown, and Lehigh Valley Transportation Company, which furnishes the same or similar truck service to the Lehigh Valley Transit Company which the appellee, Keyser, is seeking to furnish the Reading Railroad. The Reading Company filed a brief, in accordance with Rule 61, in support of the application and order appealed from.

It is clear to us that this is an administrative matter with which this court should not, and will not, inter-

fere except in cases where the order is clearly unreasonable or not in conformity with law, which we find is not the case here: Hoffman v. Public Service Commission, 99 Pa. Superior Ct. 417, 423; Penna. P. & L. Co. v. Public Service Commission, 112 Pa. Superior Ct. 500, 503, 171 A. 412.

The order appealed from constitutes, in effect, a finding by the Commission that it is necessary and proper for the service, accommodation and convenience of the public,—and therefore in the public interest— that the railroad company be permitted, by this plan, to make arrangements for the collection by motor trucks of freight to be shipped over its lines and the delivery of the same to consignees at the point of destination. The fact that there are certificated truck lines which can collect and deliver goods by the public highways between these points, or that the Lehigh Valley Transit Company, in association with Lehigh Valley Transportation Company, has already such a service or arrangement in effect does not prevent the Commission from extending a like or similar service to the railroads.

There is no valid reason why steam railroads, which are the oldest and most widely extended of our present transportation systems, should be discriminated against in favor of motor trucks, busses, electric street railways, or other means of conveyance.

The proposed plan is an adaptation and improvement of railroad service, which it is in the power of the Commission to approve and authorize. As well stated by the counsel for the Railroad Company it "represents a progressive step toward the coordination of railroad transportation and store-door motor truck delivery service, resulting in an increased adaptability of railroad service, with consequent benefit to the railroad and also to the public in promoting the convenience and accommodation of shippers." We find nothing arbitrary

or unreasonable or contrary to law in the order appealed from.

The appeal is dismissed and the order of the Commission is affirmed.