## Arrow Carrier Corporation, Appellant, *v.* Public Service Commission et al.

Argued October 21, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James K. Peck,* with him *Walter W. Kohler,* for appellant.

*Harry H. Frank,* with him *John C. Kelley, Samuel Graff Miller* and *Richard J. Beamish,* for appellee.

*Gilbert Nurick,* with him *Charles H. Hollinger* and *Sterling G. McNees,* of *McNees, Hollinger & Nurick,* for intervenor.

OPINION BY JAMES, J., January 31, 1936:

On November 24, 1930, the Public Service Commission issued a certificate of public convenience expiring June 1, 1932, to Hall's Motor Transit Company, approving the right to transport freight, merchandise and other personal property as a common carrier between York and Williamsport, and York and Scranton via Sunbury. The certificate contained among other restrictions the following: "Fourth. That rights, powers and privileges granted are limited to the transportation of drugs, shoes, meats, oil, gasoline, tires, other automobile and garage accessories and furniture and foodstuffs in packages of less than seven hundred and fifty (750) pounds." On April 5, 1932, the transit company filed an application for the renewal of its certificate and a petition for the removal of the fourth restriction. After hearing on August 1, 1932, the Commission renewed the certificate but refused to remove the fourth restriction. On August 18, 1932, petition for rehearing was granted, hearings held, and on December 20, 1932, the prayer of the petition was refused. On the same day the transit company filed a petition for reconsideration, which on January 23, 1933, was refused. On May 27, 1933, the transit company filed a petition to amend its certificate and a petition seeking the right to accept freight at points located on one route for transportation to points located on its other route. Hearings were held, and on September 18, 1934, the Commission made an order modifying and amending the certificate of convenience issued August 1, 1932, by eliminating the fourth restriction and including the additional right to accept property at points on the Scranton route for delivery to Points on the York-Williamsport route and vice versa. From this order, an appeal has been taken by the Arrow Carrier Corporation, one of the protestants before the Commission. No appeals

were taken by the Pennsylvania Railroad, Railway Express Agency or the Reading Company.

Shortly after the certificate of November 24, 1930, was issued to Hall's Motor Transit Company, the Arrow Carrier Corporation was granted a certificate for the transportation of raw silk, materials and finished products of the silk industry only. Appellant contends that the order should be reversed and modified only to the extent that Hall Company be restricted from transporting raw silk, materials and products over the routes involved, except perhaps shipments of silk from Selinsgrove, Scranton and Wilkes-Barre to York, because it has no service to York, and there is, therefore, no conflict of interest.

Appellant argues that because of the Commission's orders on three previous occasions in refusing to remove the fourth restriction in the certificate and because there was no evidence to support the present order so far as the removal of the restriction as to silk and silk products as affecting certain of its territory, this order should be reversed. Appellant concedes that the Commission has jurisdiction to determine what transportation is necessary and desirable for the convenience, comfort and safety of the public and that such a question is an administrative one that must be left to the sound judgment of the Commission and when that judgment has been exercised, the conclusion cannot be disturbed by this court unless it is made clearly to appear that the action is unreasonable and not in conformity with the law. This court may not substitute its judgment for that of the Commission: Collins v. P. S. C., 84 Pa. Superior Ct. 58; York Motor Express Co. v. P. S. C., 110 Pa. Superior Ct. 197, 168 A. 327; York Motor Express Co. v. P. S. C., 111 Pa. Superior Ct. 169, 169 A. 396; Steward v. P. S. C., 119 Pa. Superior Ct. 353, 181 A. 329. Having made an order, the Commission has the power to rescind and modify findings, deter-

minations or orders if made upon proper notice and in a proper manner: Act of July 26, 1913, P. L. 1374, Art. VI, §12, and the same power which has the right to impose limitations and restrictions as to places to be served and the character of the service has the power to eliminate the restrictions and limitations in the interest of public service: York Motor Express Co. v. P. S. C., supra; and if the record before the Commission contains testimony upon which the order removing the fourth restriction and enlarging the scope of the route service was made, this court is without power to substitute its judgment for that of the Commission. The granting of the right to appellant to transport silk in the territory mentioned, which for all practical purposes was an exclusive right, did not vest in it the continuation of such right, but was subject at all times to such modifications or enlargements as in the judgment of the Commission, based upon proper testimony, were justified or warranted. The right which appellant obtained by its certificate was a serious restriction upon the business of silk transportation, which the Hall Company had been engaged in, and if upon further consideration, the Commission was of the opinion that the restrictions in the Hall certificate had been drastic and injurious to the Hall Company, it had the right and power to change its order.

Testimony taken by the Commission, which we shall not attempt to detail, establishes that there was sufficient evidence from which the Commission could find that its order was proper and necessary. It is not a question of absolute necessity, but what is reasonably necessary for the convenience of the public. The Hall Motor Transit Company has been engaged in trucking to Sunbury since 1918, and at the time of the order of 1930, one-third of its business was in the carriage of silk; one-third, in commodities authorized under the certificate, and one-third in articles classified as doubt-

ful. In addition to its intrastate traffic, it was engaged in transporting silk in interstate commerce. The applicant established that it transported for more than one hundred shippers, articles not enumerated in its certificate, excusing the violations of the terms of the certificate, on the ground of necessity. Whether such violations were excusable was entirely a matter for the Commission, and clearly proper for the Commission to consider in determining whether the restriction in the certificate was unfair, not only to the truckers, but to the public as well. The testimony established a large number of shipments of prohibited articles were delivered by a certified carrier at Williamsport to points on both routes. In addition, we have the testimony of a shipper of fruits and notions, two silk manufacturers, a freight forwarder, a scale salesman, and the owner of a plumbing and heating establishment, all of which tended to establish that the order was necessary and desirable for the public service. As to additional rights authorized by the order to accept property at points on one route for delivery to points on the other, the testimony was that the applicant had made several hundred shipments from one branch to points on the other under the impression that it had such right, and filed the petition in order to comply with Rule 29 of the Commission. Clearly this testimony was sufficient from which the Commission could find that there was a necessity for allowance of the right to accept shipments from one route to the other. This was purely an administrative question.

The only witness produced by the protestants was a supervising agent of the Williamsport division of the Pennsylvania Railroad, who testified as to the service furnished by the railroad and the railroad express. We have no testimony whatever by the present appellant on the question of necessity or what the effect of the

Commission's order would have upon appellant's business.

An examination of the record convinces us the order of the Commission was reasonable and proper.

Order affirmed.