Cage et al., Appellants, *v.* Public Service Commission.

331

Argued October 1, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Ellwood J. Turner,* for appellants.

*Samuel Graff Miller,* with him *Harry H. Frank, John C. Kelley* and *Richard J. Beamish,* for appellee.

*Edward D. McLaughlin,* for intervening appellee.

OPINION BY RHODES, J., January 29, 1937:

This is an appeal by R. F. Cage and G. R. Watkins, trading as the Blue Line Transfer Company, from an order of the Public Service Commission refusing additional rights to transport certain materials from the city of Philadelphia to the city of Chester, Pa. The commission granted appellants' application for renewal of their original certificate. The question on this appeal is whether or not the order refusing the additional rights is reasonable, in conformity with law, and sustained by the record.

The acts of the Public Service Commission, which is an administrative agency of the Legislature having also quasi-judicial functions, are subject to judicial review.

Necessarily, the exercise of its administrative discretion is not without some limitation. It may not be capricious, arbitrary, or unreasonable; and an order of the commission must be founded on competent and relevant evidence, and otherwise be in conformity with law. In the absence of any one of the elements requisite to its validity this court may reverse such order of the commission.

Findings of fact are essential to the validity of its orders. If such findings are lacking, the order is ineffective. *Klawansky v. P. S. C.,* 123 Pa. Superior Ct. 375, 187 A. 248. Although pure questions of fact are for the commission and not for this court, sufficient

legally competent evidence is necessary to support findings of fact by the commission and to sustain its order. *Borough of Franklin v. P. S. C.,* 73 Pa. Superior Ct. 294; *Blackmore et al. v. P. S. C. et al.,* 120 Pa. Superior Ct. 437, 183 A. 115; *Latrobe Water Company v. P. S. C.,* 123 Pa. Superior Ct. 21, 27, 186 A. 294, 296.

We have frequently stated that the extent of competition in intrastate transportation of freight and merchandise by common carrier is largely a matter of policy which the Legislature has committed to the Public Service Commission; that this question is primarily an administrative one which must be left to the sound judgment and discretion of the commission; that its determination or order, if based on competent and relevant evidence, should not, and will not, be disturbed by this court, except where the order appealed from is clearly unreasonable or not in conformity with law, or shows an abuse of discretion. *Hubert et al v. P. S. C.,* 118 Pa. Superior Ct. 128, 180 A. 23; *Beaver Valley Service Co. v. P. S. C. et al.,* 122 Pa. Superior Ct. 221, 186 A. 304; *York Motor Express Co. et al. v. P. S. C.,* 111 Pa. Superior Ct. 169, 169 A. 396; *Steward v. P. S. C.,* 119 Pa. Superior Ct. 353, 181 A. 329; *Pittsburgh Railways Co. et al. v. P. S. C.,* 124 Pa. Superior Ct. 266, 188 A. 549.

Appellants recognize that the order of the commission is prima facie evidence of the facts found, and that the burden of proving the contrary rests upon them (see article VI, § 23, of the Public Service Company Law of July 26, 1913, P. L. 1374, as amended by the Act of June 12, 1931, P. L. 530, §2 (66 PS §837); *Steward v. P. S. C.* supra); but contend that the order appealed from in this case is unreasonable, and that the record is insufficient to sustain the order of the commission refusing to appellants the limited right to carry return goods from the city of Philadelphia to the city of Chester.

Appellants were holders of a certificate of public convenience which expired August 1, 1935. Under that certificate they were permitted to transport freight and merchandise, as a common carrier, from Chester to various other points in Pennsylvania, including Philadelphia. On June 15, 1935, they filed an application for the renewal of their certificate, and, in addition to the original privileges thereby granted, requested the additional right and privilege to haul return loads from the city of Philadelphia to the city of Chester. Several protests against the grant of additional rights to appellants were filed by other carriers on the grounds that such additional rights would compete with existing service and that there was no necessity for such additional facilities. All the protests excepting that of the intervening appellee were withdrawn before hearing, upon the filing of a stipulation between these protestants and appellants modifying the application to limit the proposed service from Philadelphia to Chester to truck loads of 10,000 pounds or over and to the merchandise of one consignee or one consignor on any one truck at any one time, moving to eight specified consignees in Chester, and to prohibit the transportation from Philadelphia to Chester of gasoline, fuel oil, petroleum products, and motion picture films by appellants.

The protest filed by the intervening appellee, Headley's Express and Storage Company, Inc., was not only against the grant of the additional rights, but also against the renewal of the original certificate. The basis of this protest was violation of their certificate by the appellants and the absence of public need for additional service.

The testimony adduced by appellants showed that their intrastate business was largely with the industrial plants in Chester, and consisted in hauling material from these plants to other plants in Philadelphia; that

these concerns send a great deal of material to Philadelphia for processing; that it is necessary for efficiency and economy that the trucks transporting their material to Philadelphia bring return loads to their plants in Chester; and that it is impractical to use other truckers for return loads from Philadelphia to Chester. Traffic experts of the South Chester Tube Company, Baldwin Locomotive Works, and the Scott Paper Company testified at length to the necessity for the additional rights requested by the appellants. It also appeared that before appellants entered the trucking business in that territory no carrier displayed an interest in the transportation problems of some of these concerns which appellants are now serving in a most satisfactory manner. On the question of necessity the only testimony presented by the remaining protestant was that of the president of the intervening appellee company. He testified: "There is no necessity at all for [additional rights requested by appellants]; it is amply taken care of by the other certificated carriers." He also testified that his company would not handle the business of the Scott Paper Company under the present rates.

The testimony disclosed certain violations of their certificate by the appellants, in that they transported goods from Philadelphia to various parties in Chester whom they were serving. It appeared that on a number of occasions they brought return loads from Philadelphia to Chester. The commission took the position that these violations were not the result of misunderstanding of the rights of the appellants under their certificate, and found and determined that the appellants had knowingly transported property for hire, in a manner not authorized by their certificate, on ten occasions, and for such unlawful transportation a penalty of $50 was imposed for each violation, or a total of $500. The appellants took no appeal from the im-

position of this penalty. The commission further found and determined that approval of appellants' application for renewal of existing rights was necessary and proper for the service, accommodation, and convenience of the public, but that approval of the additional rights was not necessary or proper for the service, accommodation, and convenience of the public.

The basic reason for the challenged order stated by the commission in its report is that appellants violated their certificate, and on occasions, for which penalty has been imposed, engaged in unauthorized transportation, and that "for this reason, we are convinced that they should not be granted additional rights."

In the brief for the commission reference is made to the case of *Hubert et al. v. P. S. C.,* supra, to sustain this action. In that case this court sustained the commission's refusal to grant a certificate of public convenience for the transportation of freight and merchandise to the applicants who for several years had persistently flouted and defied the Public Service Company Law and the orders of the commission. We have also sustained the commission in the exercise of its broad discretionary powers where it has excused violations by the applicant of the terms of the certificate, and granted additional rights to such applicant by the elimination of the restrictions which had been frequently violated. We held that there was testimony to support the order of the commission. *Arrow Carrier Corporation v. P. S. C. et al.,* 120 Pa. Superior Ct. 570, 182 A. 711.

Here the appellants were *granted* a certificate of public convenience. In *Hubert et al. v. P. S. C.,* supra, the applicants were *refused* a certificate because of unfitness. Appellants being proper parties for a certificate of public convenience which provides that they may haul to thirteen designated places in the State of Pennsylvania, and, in addition, to all points in the

counties of Chester, Delaware, Montgomery, and Philadelphia, it cannot logically or reasonably be said that they are not fit or proper persons to bring return loads of freight from the city of Philadelphia to the city of Chester in the manner provided in the modified application.

The commission has approved appellants' application for renewal of their certificate and of the existing rights to be exercised thereunder, and has found that necessity for such service exists. By such action the commission recognized the fitness of the appellants for a certificate of public convenience. We do not see how these prior violations could then properly be a determining factor in refusing additional rights. If the additional rights are necessary, and a continuation of the restriction in the certificate would be unfair and injurious to the appellants and the public, prior violations for which the appellants were punished by the commission afforded no reasonable basis or excuse for a continuation of that restriction or for the challenged order.

The commission apparently recognizes the public need for the additional service which appellants seek to render; but denies the appellants the privilege of supplying this service, primarily because appellants violated their certificate of public convenience, and, secondly, because facilities of other certificated carriers between Philadelphia and Chester are held to be adequate to supply such needs in so far as they cannot be met by the appellants under their existing rights. The brief of the commission contains the following statement: "Many Philadelphia carriers, in addition to the intervening appellee, are admittedly authorized to render Philadelphia-Chester service." Information as to the adequacy of facilities of other carriers may be in the possession of the commission, but it is not in evidence, and will not support the order. *La-*

*trobe Water Company v. P. S. C.,* supra, 123 Pa. Superior Ct. 21, 28, 186 A. 294, 297; *Philadelphia Rapid Transit Co. v. P. S. C.,* 78 Pa. Superior Ct. 593, 600. The record contains no legally competent testimony relative to the identity of such Philadelphia carriers or the nature or extent of their equipment. A certificated carrier may be able to render adequate service for one concern, but unable to meet the specialized requirements of another. The evidence shows conclusively that there is substantial need for the service which the appellants would render under the additional rights requested. It is not even denied by the intervening appellee that there is need for such service. Therefore the commission's order, if it is to be sustained, must finally rest on the sufficiency of the record to support the finding that adequate facilities are available to supply the needs indicated by the testimony. It is significant that no Philadelphia carriers have protested the grant of these additional rights to appellants; nor have any Chester carriers, with the exception of the intervening appellee, done so. The record is barren of factual evidence as to the facilities or ability of others to supply the needs which admittedly exist. The intervening appellee is not only unwilling to handle, but, the record shows, unable satisfactorily to handle all the business available in the Chester area; and no other is protesting.

The extension of appellants' service would not create general competition with other certificated truckers; it would supplement appellants' present rights in a manner designed to furnish a practicable and economic arrangement. The transportation involved in this case is largely of freight and merchandise between plants in Chester and processors in Philadelphia. At certain points in their manufacture articles are sent from Chester to Philadelphia for processing, after which they are returned to Chester for the purpose of further pro-

cessing or ultimate sale and delivery. Such orders as appellants receive for return carriage from Philadelphia to Chester originate in the latter city. Under the circumstances of this case, and especially under the limitations upon the return service prescribed by the stipulation hereinbefore mentioned, the conveyance of freight from Philadelphia to Chester is, in most instances, nothing more than a continuation of that already authorized by the commission in the opposite direction.

To prohibit appellants who can transport goods to Philadelphia from bringing return loads to the original shippers in Chester is, to say the least, an inconvenient and wasteful method of transportation. Appellants under such restrictions cannot satisfactorily or efficiently serve those industries or shippers which require transportation of products or property from as well as to Philadelphia. Restraining appellants from bringing return loads from Philadelphia of the same merchandise, after processing, which they have transported from shippers in Chester to Philadelphia, thereby requiring such shippers to make separate arrangements for the incoming shipments, results in an inadequate transportation arrangement unsatisfactory to both appellants and their customers. Under the facts presented in this case, it is clearly unreasonable to require separate arrangements for outgoing and incoming shipments between Philadelphia and Chester. The record is insufficient to support the commission's order making that kind of transportation service necessary, and thereby imposing undue restrictions on those shippers in Chester, who are served by the appellants, in their manufacturing or business operations. See *McCrady Bros. Co. v. Pittsburgh & Lake Erie Railroad Co.*, 66 Pa. Superior Ct. 307.

The order of the commission is reversed, and the record is remitted to it for such action as is in conformity with this opinion.