Pittsburgh, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued April 28, 1941.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Anne X. Alpern,* Assistant City Solicitor, with her *Wm. Alvah Stewart,* City Solicitor, and *Joseph A. Langfitt, Jr.,* Special Asst. City Solicitor, for appellant.

*Samuel Graff Miller,* with him *Harry M. Showalter,* for appellee.

OPINION BY KENWORTHEY, J., June 30, 1941:

In this appeal the City of Pittsburgh complains against an order of the Public Utility Commission terminating an inquiry into the reasonableness of the rates of the Duquesne Light Company. The order was made pursuant to an agreement by the utility to file new tariffs which would effect a reduction in gross revenues of not less than $1,724,000 annually.

The inquiry was started June 7, 1937, on the Commission's own motion. After a number of hearings, the Commission on August 17, 1937, filed an Interim Report and Order imposing temporary rates designed to effect a reduction in revenues of $1,250,000. The Commission said it was imposing temporary rates because before it could finally determine the reasonableness of the utility's rates, it would be necessary to determine a number of questions of fact for which much additional testimony and time would be required; and in making the order, it resolved most if not all of these issues in favor of the utility. Without any further formal hearings and without any attempt to formally adjudicate these issues, the Commission, as a result of negotiations, on March 19, 1940, filed the order now challenged.

Appellant, having intervened, was a party to the pro-

ceeding at the time the Final Order was filed, and on May 7, 1940, filed a petition to vacate it. It concedes its rights rise no higher than those of an individual consumer. It does not complain that the Commission refused to allow it to be heard or to produce evidence. Ample opportunities for both were apparently given. The contention is that having made a final order approving the reasonableness of the new rates without having ascertained the facts which it formerly recognized to be necessary for the determination of reasonableness, the Commission has in effect repudiated its own previous order.

The contention is as untenable as it is ingenious. When in the temporary rate order, the Commission mentioned certain facts to be determined before it could ascertain the reasonableness of the rates, it was talking about the requirements necessary to support an adverse order *imposing* a reduction on the utility. We have frequently held that where the Commission, acting in its quasi-judicial capacity, adjudicates the rights of parties appearing before it, such adjudication must be supported by adequate findings of fact. *Cage et al. v. Pa. Public Service Commission,* 125 Pa. Superior 330, 189 A. 896; *Pa. Power and Light Co. v. Pa. Public Service Commission,* 128 Pa. Superior 195, 193 A. 427; *Peoples Gas Company v. Pa. Public Utility Commission,* 141 Pa. Superior 5, 14 A. (2d) 133. This is equally true with regard to certain administrative orders such as those denying certificates of public convenience, *Hoffman v. Pa. P. S. C.,* 99 Pa. Superior Ct. 417, or denying certificates of security, *Erie Light Co. v. Pa. P. U. C.,* 131 Pa. Superior 190, 198 A. 901. But in *Perkasie Sewer Co. v. Pa. P. U. C.,* 142 Pa. Superior 262, 16 A. (2d) 158, we recognized the distinction between such cases and cases in which no rights are adjudicated.

The order filed in the case now before us was purely administrative. It does not decide anything adversely

to appellant, who, if not satisfied with the new tariffs, is in a position immediately after they are filed to institute new proceedings in which it will be given a complete opportunity to challenge their reasonableness.

The order dismissing the appellant's petition for rescission or amendment of the Commission's order of March 19, 1940, is affirmed.