Pittsburgh Railways Company et al., Appellants, *v.* Public Service Commission et al.

Argued October 12, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*M. F. Macfarlane,* with him *P. A. Fleger* and *E. P. Griffith,* for appellants.

*John C. Kelley,* with him *Harry H. Frank, Samuel Graff Miller* and *Richard J. Beamish,* for appellee.

*Thos. D. Murray,* for intervening appellee.

OPINION BY PARKER, J., December 17, 1936:

This is an appeal from an order of the Public Service Commission granting to the Brentwood Motor Coach Company a certificate authorizing it to furnish unrestricted passenger service by motor bus over definite routes between a point on Wood Street in the City of Pittsburgh and the town of Library, located some distance to the south of the city in Allegheny County. The route was intended to accommodate, among others, residents of Brentwood and Library, persons living along the Baptist Road, as well as a large number of persons visiting the recreation grounds maintained by the county and known as South Park. The Pittsburgh Railways Company and Pittsburgh Motor Coach Company, which have been serving much of the territory affected by the order, protested the granting of the certificate and are the appellants here. They say that the order of the commission is not supported by sufficient legally competent evidence. We cannot agree with that contention for the question presented to the commission was a purely administrative one and the appellants have failed to sustain the burden that is on them to show that the order is unreasonable or not in conformity with law: *Steward v. P. S. C.*, 119 Pa. Superior Ct. 353, 181 A. 329.

The Pittsburgh Railways Company furnishes street car service to the City of Pittsburgh and also serves the environs of that large city. As part of its system it has been operating a line from Pittsburgh south to Library, passing within three-fourths of a mile of South Park and also operating a separate route over the Brownsville Road to Brentwood. An affiliate of the street railway company, the Pittsburgh Motor Coach Company, has been operating under a certificate by a route which parallels the street car line to Library with a side route reaching and circling South Park. The Brentwood Company, acting under a certificate, has

been furnishing passenger service directly and by means of transfers between Pittsburgh, Brentwood, South Park and Library, on a restricted basis. Each of these companies has been supplying some service that the other did not furnish and some portions of all three lines are parallel.

The appellants, as we have noted, say that the order was made without support of any evidence showing necessity. They must mean by that contention not that there is no proof of need for service, but rather that the public need which does exist is supplied by the facilities which the public enjoyed prior to the granting of this certificate, for the record is replete with evidence that there is need for service to be furnished by someone. To mention only a part of such evidence we have the fact that all three companies have been furnishing service to persons in the locality with some data as to the extent of such service. There is testimony by persons living on Baptist Road that they have no passenger accommodations and other testimony showing a need for service between intermediate points. There is also evidence as to the inconvenience of making transfers which would be avoided if the present certificate is allowed to stand. There was proof of facts with relation to the establishment by the county of an extensive park near the southern limits of the territory to be served and that public officials were asking for additional passenger service in order that the people of Pittsburgh and vicinity might enjoy those recreational advantages. We have also certain facts of which the commission could properly take notice without proof, such as the population of the towns and townships to be served. All of this certainly furnished the basis for a conclusion that there was need for bus passenger service.

Such being the situation, the question presented to the commission was to determine who or how many

should be permitted to participate in the performance of that service and that question presented a purely administrative problem, the authority to determine which has been delegated by the legislature to the Public Service Commission.

It is important in this connection to observe the dual nature of the functions performed by the commission. Some of their problems are quasi judicial and at times involve constitutional rights of parties, and others are purely administrative questions. The only problem presented to the commission in this case as to which there was room for controversy involved the question of competition. Should a monopoly be maintained or should there be competition and if so, to what extent? These were questions for the commission. "To what extent there shall be competition in the intrastate transportation of freight and merchandise [or passengers] by common carrier is largely a matter of policy, which the legislature has committed to the Public Service Commission and the question is, for the most part, an administrative one, that must be left to the sound judgment and discretion of the commission; and its decision, if based on competent and relevant evidence, will not be disturbed by this court unless we are convinced that it is unreasonable or not in conformity with law": *Beaver Val. Serv. Co. v. P. S. C.,* 122 Pa. Superior Ct. 221, 223, 186 A. 304. "We have frequently pointed out that the commission has jurisdiction to determine what transportation service is necessary and desirable for the convenience, comfort, and safety of the public and that such question is an administrative one that must be left to the sound judgment of the commission, and when that judgment has been exercised and is based upon competent and relevant evidence, the conclusion cannot be disturbed by this court unless it is made clearly to appear that the action is unreasonable and not in conformity with law. This court may not sub-

stitute its judgment for that of the commission": *York M. Exp. Co. v. P. S. C.,* 111 Pa. Superior Ct. 169, 172, 169 A. 396.

The order of the commission is affirmed.